## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ABRY LANDON WHITE (#399660)**     **CIVIL ACTION NO.**

**VERSUS**     **18-283-JWD-SDJ**

**ELAYN HUNT CORRECTIONAL
CENTER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 27, 2020.

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ABRY LANDON WHITE (#399660)**　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　**18-283-JWD-SDJ**

**ELAYN HUNT CORRECTIONAL
CENTER, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, Abry Landon White ("Plaintiff"), an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Elayn Hunt Correctional Center, Timothy Hooper, and Assistant Warden McGavern, complaining that his constitutional rights were violated due to Defendants' failure to protect him from violence at the hands of another inmate.[1]

A review of the record reveals that none of the Defendants have been served. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A), failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding.

In the instant matter, the Court issued summons for each Defendant on October 30, 2018.[2] On October 2, 2019, the Court was informed that the United States Marshal Service ("USMS") never received the summons to be issued to Plaintiff, so the Court granted Plaintiff an additional 45 days to effect service, ordered the Clerk of Court to reissue summons for all Defendants and ordered the USMS to serve Defendants wherever found.[3] The extension of time for Plaintiff to

---

[1] R. Doc. 1.
[2] R. Doc. 8.
[3] R. Doc. 9. Though the deadline for service had long since passed, because the *pro se* Plaintiff never received the forms required for service, due to no fault of his own, the Court extended the deadline for service.

serve Defendants expired on November 18, 2019, so this Court ordered Plaintiff to show cause by December 27, 2019, as to why his claims against all Defendants should not be dismissed for failure to serve.[4] Plaintiff failed to respond to this Court's directives. Therefore, it is appropriate to dismiss, without prejudice, Plaintiff's claims against Defendants, due to his failure to effect timely service upon Defendants.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED, WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41(b)(1)(A) for failure of Plaintiff to timely effectuate service upon Defendants.

Signed in Baton Rouge, Louisiana, on July 27, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] R. Doc. 11.